UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 16-80251-CV-MIDDLEBROOKS/BRANNON

CHANDA MICHAELA BROWN,

    Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONTO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, CHANDA MICHAELA BROWN ("Plaintiff" or "Brown") hereby responds to Defendant, FLORIDA ATLANTIC UNIVERSITY ("FAU"), *Motion to Dismiss Plaintiff's Amended Complaint* [DE-29] ("Motion") and states as follows:

**I.   INTRODUCTION**

This is an action for disability discrimination under the Rehabilitation Act of 1973 and for retaliation pursuant to Title VII. Brown brought this action against FAU because she was terminated almost immediately after she made her disabilities known to FAU and requested reasonable accommodations. FAU failed to engage in an interactive process to determine what accommodations it considered reasonable that would allow Brown to perform the essential functions of her position. FAU also terminated Brown on the heels of several sex discrimination complaints she made during her employment.

FAU filed this *Motion to Dismiss Plaintiff's Amended Complaint* [DE-29] alleging four (4) deficiencies with her *Amended Complaint* [DE-24]. FAU contends that the Board of Trustees

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

of FAU is the body corporate that should be sued; *Plaintiff's Amended Complaint* does not contain an allegation that FAU receives federal financial assistance; Brown is not a qualified person under the Rehabilitation Act; and there was no reasonable basis for her gender discrimination complaint. Brown has addressed the first two (2) of FAU's issues by moving for leave to amend *Plaintiff's Amended Complaint* because of these ministerial errors, which can be easily cured. It is axiomatic that FAU receives federal financial assistance; and Brown can easily correct the misnomer of the defendant.

Concerning FAU's contentions that Brown is not qualified under the Rehabilitation Act, and that she did not have an objectively reasonable belief of her gender discrimination complaints, FAU's *Motion* is without merit and is unsupported by the facts and law as discussed below. The facts alleged in *Plaintiff's Amended Complaint* taken in the light most favorable to Brown are sufficient to support both her disability claim and her retaliation claim; and thus, FAU's *Motion* should be denied.

## II.   MEMORANDUM OF LAW

In deciding a motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir.2008).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). The plausibility standard requires that a plaintiff allege sufficient facts "**to raise a reasonable expectation that discovery will reveal evidence**" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (emphasis added). A plaintiff is not required to plead her discrimination claim with heightened specificity or even a *prima facie* case. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002).

> A. **Brown Has Alleged Sufficient Facts That She Is A Qualified Individual Under The Rehabilitation Act And Discovery Will Reveal Additional Facts In Support Of Her Claim.**

To plead employment discrimination based on disability, a plaintiff must allege that: (1) she has a disability, (2) she is a qualified individual, and (3) the defendant unlawfully discriminated against her because of the disability. *D'Angelo v. ConAgra Foods, Inc*., 422 F.3d 1220, 1226 (11th Cir. 2005).[1]

Here, Brown alleges that she was a Coordinator and Academic Support Services Advisor for students in the CAPTURE program. (*Plaintiff's Amended Complaint* at ¶ 6). She worked with these students to "identify appropriate courses" that would transfer to either a degree in Computer Science or Computer Engineering. *Id.* Brown alleges that she is disabled because she has ADHD, a learning disability, and also has an anxiety disorder. *Id*. at ¶ 7. As FAU states, Brown did outreach, met with candidates (students) and attended open houses; however, she did not supervise anyone. FAU is improperly attempting to supplement facts into *Plaintiff's Amended Complaint* of what the demands of the position involved.

On January 11, 2015, Brown requested unspecified accommodation for her ADHD, learning disability and anxiety. (*Plaintiff's Amended Complaint* at ¶ 39). Two days later, she

---

[1] The standard for determining liability under the Rehabilitation Act is the same as that under the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. ("ADA"); thus, cases involving the ADA are precedent for those involving the Rehabilitation Act. *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000); *see also* 29 U.S.C. § 794(d).

3

received a form FAU required to request reasonable accommodations. *Id.* at ¶ 41. At that meeting, a possible accommodation discussed was a job transfer. *Id.* On January 14, 2015, Brown submitted her written request for a reasonable accommodation in which her physician indicated that she needed to have structured, clear and precise goals, objectives and direction, that she should not work over regular hours, and that she should also have a structured work environment. (*Plaintiff's Amended Complaint* at ¶ 43). No one from FAU ever discussed with Brown whether these accommodations were feasible, reasonable or what, if any accommodations FAU could offer her to perform her position, and they never brought up the job transfer suggested earlier.[2] Rather, Brown was simply terminated without engaging in good faith in an interactive process. (*Plaintiff's Amended Complaint* at ¶¶ 45-48). *See Crutcher v. Mobile Housing Bd*. 2005 WL 2675207 *11-12 (S.D. Ala. 2005) (finding the requirement is the employer's obligation to engage in an "interactive process" with the disabled employee to determine whether and which reasonable accommodations are feasible). Simply put, once an employer becomes aware of the need for a reasonable accommodation, it in good faith "must make a reasonable effort to determine the appropriate accommodation." *Id.* at *12 (citations omitted). In *Crutcher*, the court found that the failure to act in good faith in the interactive process, created sufficient grounds to deny summary judgment. Id. at **12-13. Once an employee makes a request for a "reasonable" accommodation, the employer has duty to engage in an "interactive process" or to show undue hardship. *Earl v. Mervyns, Inc*., 207 F.3d 1361, 1367 (11th Cir. 2000).

FAU cannot simply assert that these accommodations are unreasonable, that they required an elimination of her essential duties, or that they were a hardship on FAU. These are

---

[2] An employee offering assistance on one occasion of her own volition is not a job accommodation made by the employer.

4

defenses that FAU would be required to plead in answer that create the disputed facts of a case. Determining whether a particular job duty is an essential function involves a factual inquiry which must be conducted on a case-by-case basis, as it involves weighing factors and making credibility assessments that are not appropriate in ruling on a summary judgment motion or let alone a motion to dismiss. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1258 (11th Cir. 2001) *citing Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000). As well, the determination of whether an accommodation is reasonable is a highly fact specific analysis that varies based on the circumstances of each individual case. *Terrell v. USAir, Inc.,* 132 F.3d 621, 626 (11th Cir. 1998); *Holbrook v. City of Alpharetta,* 112 F.3d 1522, 1527 (11th Cir. 1997) (emphasis provided).

FAU appears to assert that Brown's attendance may have made her unqualified but fails to state any facts in support of the defense. The facts establish that Brown had two (2) short leaves as a result of anxiety disability on January 12-14, 2015 and January 21-26, 2015 which were directly related to her supervisor's treatment of her during her employment. (*Plaintiff's Amended Complaint* at ¶¶ 38 and 47). There is no evidence in the pleadings or even that the discovery will bear out to suggest that her absenteeism was unpredictable or continuous. Reasonable accommodations may include, but is not limited to such ameliorations as "additional unpaid leave...." *See* 42 U.S.C. §12112(9)(B). *See also Holly v. Clairson Indus., L.L.C*., 492 F.3d 1247, 1261  (11th Cir. 2007) (a genuine dispute of material fact exists regarding whether punctuality as was an essential element of Holly's job, and it was thus error for the district court to have taken this issue away from the fact-finder).

      **B.**    *Plaintiff's Amended Complaint* **States Sufficient Facts To Support Her Objectively Reasonable Belief Of Her Gender Discrimination Complaint.**

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

While FAU correctly asserts that a complainant must have an objectively reasonable belief of gender discrimination to support her retaliation claim, *Plaintiff's Amended Complaint* does more than use the word that her belief was "objective" or "objectively reasonable." Even FAU's EOP office concluded that her belief was objectively reasonable and that her complaint constituted protected conduct. (*Plaintiff's Amended Complaint* at ¶ 50, "FAU's EOP office investigation also concluded that Brown's belief that Dr. Bullard created a hostile work environment based on gender was objectively reasonable and that she engaged in protected conduct when she complained.") Brown does not simply rely on the fact that Dr. Bullard treated his paramour better than her or the other female advisors. Brown relies on the fact that she was also aware of other sexual harassment complaints against Dr. Bullard. (*Plaintiff's Amended Complaint* at ¶¶ 16, 18, 25, and 60). In addition, Brown was aware that other female advisors felt that they were treated disparately because of their sex to the point that they were all afraid of Dr. Bullard. *Id.* at ¶ 25.

Contrary to FAU's argument and cited cases, Brown objectively perceived Dr. Bullard's constant yelling, as well as his rude and intimidating behavior as being gender animus. The Court is not required to focus only on acts that are sexual in nature to find that her belief was objectively reasonable. Rather, conduct that is demeaning to gender is also sufficient to establish her *prima facie* case. In *Williams v. Marriott Corp.,* 864 F.Supp. 1168 (M.D. Fla. 1994), in denying defendant a new trial, the district court cited the precedent of *Bell v. Crackin Good Bakers,* 777 F.2d 1497, 1502 (11th Cir. 1985). The *Williams* court concluded that the plaintiff had sufficiently made her case of hostile work environment where she introduced evidence from which a reasonable jury could conclude that she was a woman; that she was harassed and that the harassment was based on gender even though the harassment did not contain acts or words of a

6

sexual nature. *Williams*, 864 F.Supp. at 1171. "[T]o make out a hostile work environment claim, however, one need not show that the environment was hostile in a sexual manner, but merely that it was hostile because of the plaintiff's gender." *Id.* at 1172. (citations omitted). "The fact that the treatment to which Williams was subjected was completely gender-neutral is irrelevant, as long as there was sufficient evidence for a reasonable juror to conclude that **it was motivated by gender**." *Id. quoting Bell* at 1503 (emphasis added). In *Williams*, the evidence was simply that the plaintiff, the only female employee, was treated harshly, was yelled at by her harasser, and was demeaned because of her gender. *See also King v. Auto, Truck, Indus. Parts & Supply, Inc.*, 21 F. Supp. 2d 1370, 1379 (N.D. Fla. 1998) (denying summary judgment to defendant where plaintiffs, alleged "harassing behavior lacking a sexual explicit content but directed at women and motivated by animus against women [which] satisfies the requirement"). *Williams v. GMC*, 187 F.3d 553, 564-65 (6th Cir.1999) *citing Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415 (10th Cir. 1987), for the proposition that actionable sexual harassment need not be explicitly sexual) *See also O'Rourke v. City of Providence*, 235 F.3d 713, 730 (1st Cir. 2001) (finding that incidents of conduct-such as work sabotage, exclusion, denial of support, and humiliation-can in context contribute to a hostile work environment).

As to a lack of causal connection between her protected complaints and her termination, FAU does not provide any support for its assertion. Brown was terminated on January 21, 2015, within approximately four (4) months of making her first complaint against Dr. Bullard to Lynn Asseff, and within a couple of weeks after she made her formal complaint with FAU's EOP office. (*Plaintiff's Amended Complaint* at ¶¶ 16, 39, 41, and 43). *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361,1364 (11th Cir. 2007) (causation can be established "by showing close temporal proximity between the statutorily protected activity and the adverse employment

action"). Nonetheless, Brown made multiple complaints between her first and last complaint; and each time Dr. Bullard reacted negatively towards her afterwards (e.g. he refused to provide space for her mentors to tutor students; refused assistance to one of her students; announced that Ms. Bryne was the face of CAPTURE; closed his door in Brown's face; told Dr. Zilouchian that Brown was violating FERPA by not being physically present for a meeting, etc. all to place Brown in a negative light). Courts have routinely held that a causal connection exists even as to retaliatory acts occurring long after the protected activity, where those events are temporally linked by a chain of intervening retaliatory acts. *See, e.g., Bass v. Bd. Of County Comm'rs*, 256 F.3d 1095, 1117-19 (11th Cir 2001). There is absolutely no merit to FAU's contention that a causal connection cannot be established as the conduct certainly meets the standard and the timing is suspiciously uncanny here.

### III.   CONCLUSION

For the foregoing reasons, FAU's *Motion to Dismiss Plaintiff's Amended Complaint* should be denied.

DATED:  May 5, 2016.

                Respectfully submitted,

                DEUTSCH ROTBART & ASSOCIATES, P.A.
                Counsel for CHANDA MICHAELA BROWN
                4755 Technology Way, Suite 106
                Boca Raton, Florida 33431
                Telephone:  561.361.8010
                Facsimile:   561.361.8086
                Email:  edrotbart@dralawfirm.com

                BY:  s/Erika Deutsch Rotbart
                      Erika Deutsch Rotbart, Esq.
                      Florida Bar No.: 0047686

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on this **5th day of May 2016**, I served *Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint* via email upon all counsel of record identified on the attached Service List.

>                    DEUTSCH ROTBART & ASSOCIATES, P.A
>                    Counsel for CHANDA MICHAELA BROWN
>
>                    BY: s/Erika Deutsch Rotbart
>                         Erika Deutsch Rotbart, Esq.
>                         Florida Bar No.: 0047686

## SERVICE LIST
*Chanda M. Brown v. Florida Atlantic University*
**Case No.: 16-80251-CV-MIDDLEBROOKS/BRANNON**

Erika Deutsch Rotbart, Esq
Deutsch Rotbart & Associates, P.A.
4755 Technology Way, Suite 106
Boca Raton, FL 33431
Telephone:  561.361.8010
Facsimile:   561.361.8086
Primary E-mail: edrotbart@dralawfirm.com
Secondary E-mail: dralaw@dralawfirm.com
Counsel for Plaintiff

Jeffrey A. Rubinton, Esq.
Rubinton & Associates, P.A.
Bank of America Building
3801 Hollywood Blvd., Suite 300
Hollywood, FL 33021
Telephone: 954.251.5500
Facsimile:  954.251.5501
E-mail: jrubinton@rubintonlaw.com
Counsel for Defendant