IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 16-CV-80251-DMM

CHANDA MICHAELA BROWN,

    Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

### DEFENDANT'S NOTICE OF TAKING DEPOSITION DUCES TECUM

**PLEASE TAKE NOTICE** that Defendant, Florida Atlantic University Board of Trustees, pursuant to Rule 30, Federal Rule of Civil Procedure and Local Rule 26.1(j), will take the deposition of:

| | |
|---|---|
| **DEPONENT:** | DR. HEIDI VON HARSCHER, Phd. |
| **DATE:** | JULY 22, 2016 |
| **TIME:** | 10:00 A.M. |
| **PLACE:** | RUBINTON AND ASSOCIATES<br>3801 HOLLYWOOD BLVD., SUITE 300<br>HOLLYWOOD, FL 33021 |

The oral examination will take place before a Notary Public or any other officer authorized by law to take depositions in the State of Florida. This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Civil Procedure. Please see attached "ATTACHMENT I".

Respectfully Submitted,

**Rubinton & Associates, P.A.**
*Attorney for Defendant*
**Bank of America Building**
3801 Hollywood Blvd., Suite 300
Hollywood, Florida 33021
Telephone:   954-251-5500
Fax:              954-251-5501

By: /s/ *Dawn Marshall*
DAWN MARSHALL, ESQ.
Florida Bar: 745642
Primary E-Mail: dmarshall@rubintonlaw.com
Secondary E-Mail: estfleur@rubintonlaw.com

## ATTACHMENT I

## TO SUBPOENA SERVED ON DR. HEIDI VON HARSCHER

## INSTRUCTIONS

1.      In responding to the subpoena served on you (or your organization) requesting production of documents, furnish all documents, however obtained, that are available to or in possession or control of yourself, your agents, and your attorneys.

2.      Please produce documents in a reasonably useable form.

3.      Identify any documents responsive to this request that have been destroyed and state the circumstances of their destruction.

4.      If you cannot respond to this request in full after exercising due diligence to secure the documents, so state and respond to the extent possible, specifying your inability to provide the remaining documents, stating whatever information or knowledge you have concerning the remaining documents, and detailing what you did in attempting to secure the documents.

5.      If you object to a request on the grounds of privilege or work product, provide documents or portions of documents with such non-privileged information as is responsive, identify the nature of the information withheld as privileged, and specify the basis for your claim of privilege. List all documents or other information withheld pursuant to the claim of privilege, provide a general description of the information withheld pursuant to the claim of privilege, and identify the specific privilege(s) which provide(s) the basis for nondisclosure of each piece of responsive information.

6.      This request shall be deemed to be continuing until and during the course of trial. Information sought by these requests and that you obtain after you respond to these requests must be disclosed to Defendant by supplementary responses.

## DEFINITIONS

1. The terms "you," "yourself," or "your," as used herein, refer to you, Dr. Heidi Von Harsher and any of your employees, departments, offices, and agencies, including but not limited to any of your employees, your attorneys, and any person acting expressly as your agent, trustee, or representative in any capacity that would give rise to possession of the documents identified by this request.

2. The term "document," as used herein, is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations and photographs. A draft or non-identical copy is a separate document within the meaning of this term.

3. The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

4. As used herein, the terms "any" and "all" shall both mean "any and all" as appropriate to bring within the scope of these discovery requests information and documents that might otherwise be considered to be beyond the scope.

5. The following grammatical considerations shall be applicable in reading and responding to the following requests:

   a. the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa;

   b. the use of the masculine form of a pronoun shall also be considered to include within its meaning the feminine form of the pronoun so used, and vice versa; and

   c. the use of any tense of any verb shall also be considered to include within its meaning all other tenses of the verb so used, and the disjunctive includes the conjunctive, and vice versa.

 6. As used herein, the term "correspondence" includes all letters, e-mail, telegrams, notices, messages, or other written communications or memoranda, or other records of conversations, meetings, conferences, or other oral communications.

 7. As used herein, the term "relating to" means and includes "constituting," "referring to," "pertaining to," "evidencing," "reflecting," "describing," or "has anything to do with," and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship that either (1) provides information with respect to the subject of inquiry, or (2) might lead to individuals who or documents that might possess or contain information with respect to the subject of inquiry. Additionally, the terms "pertaining to," "relating to," "related," "related to," "relates to," "regarding," "referring to," or "concerning" are used in the broadest sense to mean in any way, whether directly or indirectly, involving, concerning, relating to, referring to, being appropriate for, considering, underlying, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, revoking, canceling, or negating.

 8. The terms "plaintiff" and "defendant(s)," as used herein, as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, board members, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

## PRODUCTION REQUESTS

1.  The following documents regarding **Chanda Michaela Brown**:

    a.  The deponent's current curriculum vitae and any other documents pertaining to the deponent's background or identifying the factors that Plaintiff contends qualify him as an expert in each field in which his testimony is sough in this matter.

    b.  All publications by the deponent, or a list thereof, if such list is not included on the curriculum vitae.

    c.  All factual materials, including all writings, documents, or information of any type provided to the deponent concerning any issues, allegations or other matters relating to the plaintiff's claims.

    d.  All documents, including, but not limited to, all scientific literature, or a list thereof, and all medical records, medical materials, (including, but not limited to, written reports, notes, records, tissue slides, blocks, original films, any and all x-rays, CT-scans and other pathology) and all other sources of information upon which the deponent has relied or considered in reaching his opinions in this case.

    e.  All drafts and final reports and/or writing which the deponent has prepared or which were prepared at the deponent's direction or request, of any descriptions, concerning this case, or the facts underlying this case.

    f.  Records of all medical evaluations, laboratory analyses and other medical investigations in the deponent's possession.

    g.  All documents, including, but not limited to invoices, requests for payment, or remittances, and/or records which pertain to fees incurred or charged by the deponent to the Plaintiff in connection with deponent's services rendered in this case, and all documents and/or records of fees incurred on charged by the deponent rendered services.

    h.  A list of cases in which the deponent has testified, either at trial or in deposition or documents that pertain to any testimony provided in such matters.

    i.  A list of all cases in which ADHD has been alleged, and a copy of any deposition or trial transcript which contains his testimony in any such case.

    j.  All drawings, charts, exhibits, photographs, videotapes, and power point or other presentations made by the deponent or on the deponent's behalf, given to the deponent, or considered by the deponent with regard to this case or any test or study relevant to this case.

    k.  Copies of any and all correspondence or other communications between you and Plaintiff or Plaintiff's counsel.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF, this 8th day of July 2016. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By: /s/ *Dawn Marshall*
DAWN MARSHALL, ESQ.

## SERVICE LIST

Erika Deutsch Rotbart, Esq.
Deutsch Rotbart & Associates, P.A.
4755 Technology Way, Suite 106
Boca Raton, Florida 33431
**VIA CM/ECF**

Jeffrey A. Rubinton, Esq.
Rubinton & Associates, P.A.
3801 Hollywood Blvd, Suite 300
Hollywood, FL 33021
**VIA CM/ECF**

Dawn Marshall, Esq.
Rubinton & Associates, P.A.
3801 Hollywood Blvd, Suite 300
Hollywood, FL 33021
**VIA CM/ECF**