IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 16-CV-80251-DMM

CHANDA MICHAELA BROWN,

    Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.

_____/

## DEFENDANT'S RE-NOTICE OF SERVICE OF SUBPOENA COMMANDING DEPOSITION TESTIMONY AND THE PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS

Defendant FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES hereby gives notice pursuant to Federal Rule of Civil Procedure 45(b)(1) to Plaintiff that it intends to serve the attached subpoena commanding deposition testimony and the production of documents, electronically stored information, or tangible things upon DR. SHERWIN MENDELL.

July 22, 2016

                                        Respectfully Submitted,
                                        **Rubinton & Associates, P.A.**
                                        *Attorney for Defendant*
                                        **Bank of America Building**
                                        3801 Hollywood Blvd., Suite 300
                                        Hollywood, Florida 33021
                                        Telephone: 954-251-5500
                                        Fax: 954-251-5501

                                        By: /s/ Dawn Marshall
                                           DAWN MARSHALL, ESQ.
                                           Florida Bar: 745642
                                             Primary E-Mail: dmarshall@rubintonlaw.com
                                             Secondary E-Mail: estfleur@rubintonlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF, this 22nd day of July 2016. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By: /s/ Dawn Marshall
DAWN MARSHAL, ESQ.

### SERVICE LIST

Erika Deutsch Rotbart, Esq.
Deutsch Rotbart & Associates, P.A.
4755 Technology Way, Suite 106
Boca Raton, Florida 33431
**VIA CM/ECF**

Jeffrey A. Rubinton, Esq.
Rubinton & Associates, P.A.
3801 Hollywood Blvd, Suite 300
Hollywood, FL 33021
**VIA CM/ECF**

Dawn Marshall, Esq.
Rubinton & Associates, P.A.
3801 Hollywood Blvd, Suite 300
Hollywood, FL 33021
**VIA CM/ECF**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| CHANDA MICHAELA BROWN <br> *Plaintiff* <br> v. <br> FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES, <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 16-CV-80251-DMM |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: DR. Sherwin Mendell
4801 S. University Drive. Davie, FL 33328
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Rubinton and Associates P.A., 3801 Hollywood Blvd. Suite 300, Hollywood, FL 3302 | Date and Time: <br> 08/08/2016 10:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: *PLEASE SEE ATTACHED SCHEDULE*

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/22/2016

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Florida Atlantic University, Board of Trustees , who issues or requests this subpoena, are:
Dawn Marshall, dmarshall@rubintonlaw.com, 3801 Hollywood, Blvd., Suite 300 Hollywood, FL 33021, 954-251-5500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 16-CV-80251-DMM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT I

## TO SUBPOENA SERVED ON DR. SHERWIN MENDELL

## INSTRUCTIONS

1. In responding to the subpoena served on you (or your organization) requesting production of documents, furnish all documents, however obtained, that are available to or in possession or control of yourself, your agents, and your attorneys.

2. Please produce documents in a reasonably useable form.

3. Identify any documents responsive to this request that have been destroyed and state the circumstances of their destruction.

4. If you cannot respond to this request in full after exercising due diligence to secure the documents, so state and respond to the extent possible, specifying your inability to provide the remaining documents, stating whatever information or knowledge you have concerning the remaining documents, and detailing what you did in attempting to secure the documents.

5. If you object to a request on the grounds of privilege or work product, provide documents or portions of documents with such non-privileged information as is responsive, identify the nature of the information withheld as privileged, and specify the basis for your claim of privilege. List all documents or other information withheld pursuant to the claim of privilege, provide a general description of the information withheld pursuant to the claim of privilege, and identify the specific privilege(s) which provide(s) the basis for nondisclosure of each piece of responsive information.

6. This request shall be deemed to be continuing until and during the course of trial. Information sought by these requests and that you obtain after you respond to these requests must be disclosed to Defendant by supplementary responses.

## DEFINITIONS

1. The terms "you," "yourself," or "your," as used herein, refer to you, Dr. Sherwin Mendell and any of your employees, departments, offices, and agencies, including but not limited to any of your employees, your attorneys, and any person acting expressly as your agent, trustee, or representative in any capacity that would give rise to possession of the documents identified by this request.

2. The term "document," as used herein, is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations and photographs. A draft or non-identical copy is a separate document within the meaning of this term.

3. The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

4. As used herein, the terms "any" and "all" shall both mean "any and all" as appropriate to bring within the scope of these discovery requests information and documents that might otherwise be considered to be beyond the scope.

5. The following grammatical considerations shall be applicable in reading and responding to the following requests:

   a. the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa;

   b. the use of the masculine form of a pronoun shall also be considered to include within its meaning the feminine form of the pronoun so used, and vice versa; and

    c.  the use of any tense of any verb shall also be considered to include within its meaning all other tenses of the verb so used, and the disjunctive includes the conjunctive, and vice versa.

  6. As used herein, the term "correspondence" includes all letters, e-mail, telegrams, notices, messages, or other written communications or memoranda, or other records of conversations, meetings, conferences, or other oral communications.

  7. As used herein, the term "relating to" means and includes "constituting," "referring to," "pertaining to," "evidencing," "reflecting," "describing," or "has anything to do with," and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship that either (1) provides information with respect to the subject of inquiry, or (2) might lead to individuals who or documents that might possess or contain information with respect to the subject of inquiry. Additionally, the terms "pertaining to," "relating to," "related," "related to," "relates to," "regarding," "referring to," or "concerning" are used in the broadest sense to mean in any way, whether directly or indirectly, involving, concerning, relating to, referring to, being appropriate for, considering, underlying, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, revoking, canceling, or negating.

  8. The terms "plaintiff" and "defendant(s)," as used herein, as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, board members, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

## PRODUCTION REQUESTS

  1. The following documents regarding **Chanda Michaela Brown**:

a. The deponent's current curriculum vitae and any other documents pertaining to the deponent's background or identifying the factors that Plaintiff contends qualify him as an expert in each field in which his testimony is sough in this matter.

b. All publications by the deponent, or a list thereof, if such list is not included on the curriculum vitae.

c. All factual materials, including all writings, documents, or information of any type provided to the deponent concerning any issues, allegations or other matters relating to the plaintiff's claims.

d. All documents, including, but not limited to, all scientific literature, or a list thereof, and all medical records, medical materials, (including, but not limited to, written reports, notes, records, tissue slides, blocks, original films, any and all x-rays, CT-scans and other pathology) and all other sources of information upon which the deponent has relied or considered in reaching his opinions in this case.

e. All drafts and final reports and/or writing which the deponent has prepared or which were prepared at the deponent's direction or request, of any descriptions, concerning this case, or the facts underlying this case.

f. Records of all medical evaluations, laboratory analyses and other medical investigations in the deponent's possession.

g. All documents, including, but not limited to invoices, requests for payment, or remittances, and/or records which pertain to fees incurred or charged by the deponent to the Plaintiff in connection with deponent's services rendered in this case, and all documents and/or records of fees incurred on charged by the deponent rendered services.

h. A list of cases in which the deponent has testified, either at trial or in deposition or documents that pertain to any testimony provided in such matters.

i. A list of all cases in which ADHD has been alleged, and a copy of any deposition or trial transcript which contains his testimony in any such case.

j. All drawings, charts, exhibits, photographs, videotapes, and power point or other presentations made by the deponent or on the deponent's behalf, given to the deponent, or considered by the deponent with regard to this case or any test or study relevant to this case.

k. Copies of any and all correspondence or other communications between you and Plaintiff or Plaintiff's counsel.